FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 12  AM 7:43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 03-280 |
| TERRANCE HOWARD | * | SEC. "B"(2) |

### ORDER AND REASONS

Before the Court is Defendant's Motion for Out-of-Time Appeal and Appointment of Counsel. (Rec. Doc. No. 41). For the following reasons, Defendant's motion is **DENIED**.

### BACKGROUND

On January 21, 2004, this Court entered a judgment and order of commitment pursuant to Defendant Terrance Howard's plea of guilty and sentencing. (Rec. Doc. No. 18). On September 20, 2004, Howard filed an untimely notice of appeal to his sentence with this Court. (Rec. Doc. No. 31). On October 28, 2004, Howard's attorney withdrew as counsel of record. (Rec. Doc. Nos. 32 & 33). In the motion to withdraw, former counsel specified, "Counsel has been informed by the Federal Public Defender's office that upon his withdrawal, they will appoint Counsel for the appeal in this

___ Fee_____
___ Process____
_X_ Dktd_____
_✓_ CtRmDep___
___ Doc. No.____

matter." (Rec. Doc. No. 33).

No additional briefs or appeal documents were ever filed. The Fifth Circuit denied Howard's appeal "[b]ecause neither Howard nor his attorney filed any pleading evincing an intent to appeal within the period prescribed in Fed. R. App. P. 4(b)(4), the district court was without authority to extend the time for filing an appeal." (Rec. Doc. No. 39).

Howard now comes before this Court for appointment of counsel and permission to file an out of time appeal. He urges this Court to consider his former counsel's failure to file a timely notice of appeal, presumably as a ground for ineffective assistance of counsel. (Rec. Doc. No. 41 at 3).

## Law and Analysis

### A. Appellate Procedure

Under federal law, a criminal defendant must file a notice of appeal in district court within ten days of the later of the entry of judgment or the filing of the government's notice of appeal. See Fed. R. App. Proc. 4(b)(1)(A). A district court may extend the time to file a notice of appeal to 30 days upon a finding of excusable neglect or good cause. See Fed. R. App. Proc. 4(b)(4).

Here, Howard filed a notice to appeal eight months after the effective deadline and the Fifth Circuit denied the appeal. (Rec. Doc. No. 39). The conviction became final on the date of entry, June 22, 2005. This Court is unable to grant Howard's request for

an out-of-time appeal and appointment of counsel due to the Fifth Circuit's decision.

Although the Court lacks jurisdiction to consider Howard's motion, he is not without recourse. The proper method to raise an ineffective assistance of counsel claim based upon Howard's former counsel's failure to file a timely notice of appeal is through a writ of habeas corpus under 28 U.S.C. §2255. Howard is advised that mere conclusory statements that he asked his attorney to file such a notice is insufficient. He should provide some evidence to support his factual assertion, which may include an affidavit from his former counsel attesting to Howard's desire to file an appeal of his sentence within the 10 day statutory prescription.

**B. Timeliness**

The Court warns Howard that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner filing a habeas petition has one year to apply for federal habeas corpus relief from "the latest of- (A)the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such." 28 U.S.C. § 2244(d)(1)(A). The judgment became final on June 22, 2005, the date upon which the Fifth Circuit denied Howard's appeal. One-year from that date is June 22, 2006.

Howard filed the instant motion on November 15, 2005. The Court does not construe the motion as a habeas petition. The time

3

from November 15, 2005 to the date of this order tolls the one-year statutorily mandated time limit within which Howard may bring a habeas petition.

For the foregoing reasons, Howard's motion is hereby **DENIED**.

New Orleans, Louisiana, this 10th day of April, 2006.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE