UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 03 - 280** |
| **TERRANCE HOWARD** | **SECTION B** |

### ORDER AND REASONS

Before the Court is Petitioner's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.[1]  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Petitioner's Motion is **DENIED**.

### BACKGROUND

On September 4, 2003, a grand jury indicted Terrance Howard on possession of a firearm by a felon, 18 U.S.C. § 922(g)(1); bank robbery by force, violence and intimidation, 18 U.S.C. § 2113(a)(d); and using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c).  Petitioner pled guilty without a plea agreement.  Judgment was entered on January 23, 2004.  The District Court imposed concurrent sentences of 70 months imprisonment on the § 922(g)(1), and the bank robbery counts, and a consecutive 120 month sentence on the § 924(c) count.  On September 20, 2004, Petitioner filed an untimely notice of appeal with this Court, and on June 22, 2005, the Fifth Circuit dismissed his appeal for

---

[1] Rec. Doc. No. 43(Motion to Vacate)

1

"lack of jurisdiction".[2]  On June 12, 2006, Petitioner filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[3]  The government subsequently filed a Motion to Dismiss Petitioner's motion without evidentiary hearing.[4]

## DISCUSSION

Petitioner contends that his sentence should be vacated and remanded for resentencing in light of the United States Supreme Court's decision in *United States v. Booker*.  543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 721 (2005).  Petitioner contends that if it were not for the enhancements he received under § 2B3.1(b)(1), 2B3.1(b)(7)(c), and 3A1.2(b) of the Federal Sentencing Guidelines, his base offense level would have been 20, and with a three level reduction for acceptance of responsibility, his base offense level would have been 17, with a sentencing guideline range of 30-37 months.  Petitioner contends that the enhancement provisions set a new offense level, based on neither a jury finding nor petitioner's own admission, in violation of his Sixth Amendment rights.  Petitioner also contends that the trial court erred when applying the 18 U.S.C. § 924(c)(1) enhancement for type of firearm used in the offense because that fact was neither found by a jury nor admitted by

---

[2] Rec. Doc. No. 39 (USCA Judgment Dismissing Appeal).

[3] Rec. Doc. No. 43 (Motion to Vacate at 2).

[4] Rec. Doc. No. 47 (Motion to Dismiss)

petitioner.

Finally, from the petitioner's repetition of the contention that he is "actually innocent," the court should construe that Petitioner is raising an argument for equitable tolling of the one year limitations period applicable to requests for *habeas* relief under AEDPA.[5]

## A. Statutory Limitations Period

Under AEDPA, an application for federal post-conviction relief is subject to a one-year statute of limitations which begins to run from the date on which the conviction becomes final.[6]  Howard's judgment and conviction were entered on January 23, 2004[7] and became final no later than forty days later.[8] Therefore, Howard had, at latest, until March 5th, 2005 to file his appeal.  Howard filed his §2255 motion on June 12, 2006.  By this time, the statute had run, rendering his appeal untimely.

AEDPA's one year limitations period is non-jurisdictional and thus subject to equitable tolling.  *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), cert denied, 526 U.S. 1074, 119 S.Ct.

---

[5] Rec. Doc. No. 43(Motion to Vacate at 7,9).

[6] 28 U.S.C. §2244(d)(1)

[7] Rec. Doc. No. 18(Judgment and Commitment).

[8] Rec. Doc. No. 47 (Motion to Dismiss at 12) (citing Fed.R.App.P. 4(b)(3), (4) (*10 day rule and thirty day extension for excusable neglect or good cause*)).

14764, 143 L.Ed.2d 558 (1999).  Courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), quoting *Davis*, 158 F.3d at 811.

The Fifth Circuit has declined to decide whether an actual innocence claim could trigger equitable tolling under any circumstances. *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000) It has held however, that to the extent actual innocence *may* provide a basis for equitable tolling of the AEDPA, the relevant standard requires more than mere assertions of the petitioner's innocence. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000), *cert denied*, 1221 S.C. 622, 148 L.Ed.2d 532 (2000) (rejecting Felder's actual innocence noting both his failure to make any showing that he was actually innocent and that a "rare and exceptional circumstance" is not one that "countless other prisoners could claim as their own");  *Molo*, 207 F.3d at 775 (holding the trial testimony of one physician that Molo was mentally ill at the time of his robbery insufficient to show actual innocence).

Here, Howard contends that he is actually innocent based on the government's failure to include the sentencing enhancements on his indictment.[9]  In support of his actual innocence claim, Howard essentially argues the merits of his *Booker* claim.  He

---

[9] Rec. Doc. No. 43 (Motion to Vacate at 7-9).

asserts that he is actually innocent of the unconstitutional enhancements he received at sentencing. The fact that the petitioner thinks he has a *Booker* claim falls into the category of a claim that "countless other prisoners could claim as their own" and therefore fails to meet the *Felder/Molo* standard for "rare and exceptional circumstance." *Felder*, 204 F.3d at 173. Howard's contentions of actual innocence are insufficient to trigger equitable tolling of the AEDPA statute of limitations, and his appeal is therefore untimely.

**B. Petitioner's *Booker* Claim**

First, the 5th Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Gentry*, 432 F.3d 600, 605-606 (5th Cir. 2005). Therefore the new rule announced by *Booker* is not applicable to petitioners such as Howard, who were convicted under the pre-*Booker* scheme.

Second, *Booker* only applies when a sentencing judge enhances a sentence based upon a fact neither found by a jury nor admitted by the defendant. *Booker*, 125 S.Ct. At 756. A review of the rearraignment and sentencing transcript demonstrates that Howard admitted the facts used to enhance his sentence. An excerpt of the relevant portions of the factual basis, read into the record at rearraignment colloquy follows:

> Should this matter have gone to trial, the government would have proved, through the introduction of competent testimony and admissible tangible exhibits,

including documentary evidence of the following facts:

On August 27, 2003, Lionel Howard and Terrance Howard entered the <u>Nome Federal Credit Union</u> located at 4400 St. Claude Avenue in New Orleans, Louisiana with <u>loaded semi-automatic assault rifles</u>.  Fortunately a witness noticed the defendants and called the police.

The two brothers entered the credit union, brandished their weapons, took control of the floor, made demands and then <u>robbed the credit union of over one hundred sixty thousand dollars ($160,000) of deposits, federally insured by the National Credit Union Administration Board</u>.

After robbing the credit union the Howards fled the scene in Lionel Howard's vehicle with members of the New Orleans Police Department in hot pursuit.  The Howards led the police on a brief car chase, and at one point during the pursuit, Terrance Howard exited the vehicle wearing a bullet-proof vest and <u>fired shots at the police</u>.  After firing shots at the police, Terrance Howard reentered the getaway car and the Howards continued their flight from the police.

The police returned fire and the defendants ultimately crashed their vehicle into the Frederick A. Douglass, Sr. School.  Both defendants were apprehended in side the getaway vehicle with the assault rifles and the stolen currency. And, during a post-arrest interview, Terrance Howard admitted his involvement after executing a valid waiver of his legal and constitutional rights.

The evidence would have established that <u>the bank robbery was a crime of violence and that both firearms were used, carried, brandished and one firearm was actually discharged during and in relation to the bank robbery offense</u>.  The evidence would have also established that both defendants aided and abetted the other in commission of the bank robbery and the firearms violation during the crime of violence.[10]

The underscored admissions established the basis for the

---

[10]   Rec. Doc. No. 47 (Motion to Dismiss at 15-17).

6

sentencing enhancements at issue. Therefore Howard has suffered no *Booker* violation. Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate is **DENIED**.

New Orleans, Louisiana, this 13th day of October, 2006.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE