**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 03-280** |
| **TERRANCE HOWARD** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court is Defendant Terrance Howard's Motion for Sentencing Modification pursuant to 18 U.S.C. § 3582(c)(2). (Rec. Doc. No. 61). For the following reasons, the motion is **DENIED**.

## BACKGROUND

On September 24, 2003, a grand jury indicted Terrance Howard for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1); bank robbery by force, violence, and intimidation, 18 U.S.C. § 2113(a),(d); using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and aiding and abetting, 18 U.S.C. § 2. (Rec. Doc. No. 1). Defendant pled guilty without a plea agreement, and judgment was entered on January 24, 2003. (Rec. Doc. No. 18). The Court imposed concurrent 70 month sentences for the felony weapon and aggravated bank robbery convictions. (Rec. Doc. No. 18). The Defendant was also sentenced to 120 months to be served consecutively for the discharge of firearm in relation to an act of violence, totaling 190 months. (Rec. Doc. No. 18).

1

**LAW AND ANALYSIS**

Defendant seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may reduce the sentence upon a defendant's motion when the sentencing range for an offense has been lowered by the Sentencing Commission, and the reduction is consistent with the provisions of 18 U.S.C. § 3553(a).

Defendant claims that his sentence under both the aggravated bank robbery statute, 18 U.S.C. § 2113(d), and for the use, brandishing, and discharge of a deadly weapon in relation to an crime of violence, 18 U.S.C. § 924(c), constitutes double counting. The defendant also claims that his sentencing for both 18 U.S.C. § 2113(a), the bank robbery statute, and (d), assault with the use of a dangerous weapon in committing a bank robbery, is duplicitous, and seeks to have his sentence under 18 U.S.C. § 2113(a) vacated. The defendant claims that although these the sentences derived from distinct statutory provisions, they were part of the same offense, *i.e.* the bank robbery, and violated the double jeopardy protections of the Fifth Amendment.

**DISCUSSION**

Defendant's claim of double counting with regard to his sentence under 18 U.S.C. § 924(c) and U.S.C. § 2113(d) is incorrect. Application note four of 18 U.S.C. § 2K2.4 specifically addresses double counting under 18 U.S.C. § 924(c), and provides, in pertinent part:

> 4. Weapon Enhancement. If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction...

Defendant was specifically sentenced under 18 U.S.C. § 924(c), and the special offense enhancement of two points for the use, possession, or discharging of a firearm during the bank robbery was not applied to his sentencing determination for the 18 U.S.C. § 2113(d) violation, the underlying offense. *See United States v. Dixon*, 273 F.3d 636, 643-44 (5th Cir. 2001), cert. denied, 537 U.S. 829 (2002).

Additionally, double jeopardy protections are generally inapplicable to sentencing proceedings, where the principle operates only to prevent courts from imposing multiple punishments for the same offense and from prescribing greater sentences than intended by the legislature. *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). When the legislature authorizes penalties under specific statutes, regardless of whether the penalties arise from the same operative offense, double jeopardy is not a bar to imposition of cumulative sentences. *Missouri v. Hunter*, 459 U.S. 359, 368 (1983).

## CONCLUSION

For the following reasons, Defendant Terrance Howard's Motion for Sentencing Modification is **DENIED**.

New Orleans, Louisiana, this 15th day of June, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE